UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN

In re:

Residents First, LLC,

    Debtor.

_____/

Case No. 23-49817-mar
Chapter 11
Hon. Mark A. Randon

**ORDER**
**GRANTING SUBCHAPTER V TRUSTEE EXPANDED POWERS**

Residents First, LLC ("Debtor"), Champion Home Builders, Inc. ("CHB"), the United States Trustee (the "UST"), Deborah Fish, Subchapter V Trustee (the "Sub V Trustee"), and the United States of America on behalf of the U.S. Small Business Administration (the "SBA"), by and through their respective counsel, having stipulated to the entry of this Order, and no further notice being necessary:

NOW, THEREFORE, it is hereby ordered as follows:

1. The duties of the Sub V Trustee are expanded, pursuant to 11 U.S.C. Section 1183(b)(2) to include the duties specified under 11 U.S.C. Sections 1106(a)(3), (a)(4) and (a)(7), which include the following:

    a. Investigate the acts, conduct, assets, liabilities, and financial condition of the Debtor, the operation of the Debtor's business and the desirability of the continuance of such business, and any other matter relevant to the case or to the formulation of a plan;

b. File a statement of any investigation conducted under 1(a) above, including any fact ascertained pertaining to fraud, dishonesty, incompetence, misconduct, mismanagement, or irregularity in the management of the affairs of the Debtor, or to a cause of action available to the estate and transmit a copy or a summary of any such statement to counsel for: (i) the Debtor; (ii) Champion; (iii) the UST; and (iv) the SBA.

c. After confirmation of a plan, file such reports as are necessary or as the court orders.

2. The Debtor shall produce the following documents to counsel for the Sub V Trustee, CHB, the UST and the SBA, on or prior to January 8, 2023:

a. A summary of all benefits paid to Mr. Darakjian, and the dollar amount of each, per month, for 2023 and annually for the years 2021 and 2022; also, whether the benefit covers members of Mr. Darakjian's family.
b. A listing of all personal expenses of Mr. Darakjian, the senior vice-president and/or any family member paid by the Debtor over the last 3 years.
c. Documents supporting the inability of the Debtor, Founding Partners, LLC ("FP") or Reliance Home Services, LLC, to obtain a certificate of occupancy, HUD approval or other regulatory or licensing approval for the use the units installed or improved by CHB which are the subject of the CHB state court litigation.
d. All other documents related to the inability of the Debtor to invoice FP for work provided by CHB which was the subject of the CHB state court litigation.
e. All credit card bills of the Debtor for the previous 3 years, including those of Capital One, Home Depot and any others previously or currently being utilized.

f.  A listing of all payments made by the Debtor during the preceding one-year period to anyone.
g.  Copies of all invoices rendered to FP by the Debtor during the preceding 3 years.
h.  A summary, by month, of all "Management Fees" (as defined in the Property Management Agreement between Debtor and FP ("the "<u>Management Agreement</u>") received by the Debtor during the current year and annually for the years 2021 and 2022.
i.  A summary, by month, of all "Fees" (as defined in the Management Agreement) received by the Debtor during the current year and annually for 2021 and 2022.
j.  All bank statements of the Debtor for the preceding 3 years.
k.  All "Budgets" prepared by the Debtor, as that term is defined in the Management Agreement, for the last 3 years.
l.  All "Capital Expense Schedules" prepared by the Debtor, as that term is defined in the Management Agreement, for the last 3 years.
m.  All records of any demands or claims for indemnification made by the Debtor to FP during the last 3 years, under Section 5.02 of the Management Agreement.
n.  All records of any distributions paid by Debtor to, or to a person or entity on behalf of, Mr. Darakjian under the Operating Agreement of Debtor, during the last 3 years.
o.  All transfers of any nature whatsoever to any affiliate of the Debtor during the last 3 years, including, but not limited to, TIG Equities, LLC and TIG Capital, LLC.
p.  All K-1's issued by the Debtor to all members, for the last 3 years.
q.  All director and officer liability policies of the Debtor.

3.  The Debtor shall produce the following documents only to the Sub V Trustee prior to January 8, 2023 (the "<u>Disputed Production</u>"):

r.  Copies of all reports prepared by the Debtor per Section 2.03 of the Management Agreement, for the last 3 years.
s.  All costs reimbursed to Debtor by FP pursuant to Section 2.03 of the Management Agreement, during the last 3 years.
t.  Copies of all agreements and service contracts entered into on behalf of FP, during the last 3 years, in the Debtor's capacity as agent to FP.
u.  Records related to project coordination services provided by the Debtor to FP during the last 3 years, related to capital improvements and tenant

    alterations and improvements, as set forth in Section 3.01 of the Management Agreement.
  v. All federal and state tax returns from which the results of the Debtor's operations are reflected, for the last 3 years.
  w. All documents of Debtor related to the acquisition by Reliance Homes Services of any mobile home, which was installed and or serviced, directly or indirectly by the Debtor, including, but not limited to, mobile homes which were the subject of the CHB state court litigation.

The United States Trustee, the United States of America on behalf of the U.S. Small Business Administration and CHB shall have the right to petition, under a separate motion, for the right to production of the Disputed Production or other or additional Rule 2004 relief. Such parties' stipulation hereunder to the exclusion of the Disputed Production from full production to such parties shall not be deemed in any manner a waiver of such parties' right to seek the Disputed Production or any other production or relief from this Court and the Debtor shall retain all defenses to the same.

  4. Debtor shall reasonably cooperate with the Sub V Trustee's investigation as authorized by this Order and shall make Debtor's books and records accessible to the Sub V Trustee at reasonable request.

  5. The Sub V Trustee may not disseminate any produced tax return or related information (excluding any Schedule C document that pertains solely to the Debtor's operations) except as permitted by applicable law or regulation, prior written agreement of the filer of the return, or by order of the Court.

6. Apart from information contained on any tax return (excluding Schedule C) which shall be treated as noted in Paragraph 4 above, Debtor, in making its production, may redact from its production any information Debtor deems proprietary or confidential and if not obvious by the redaction, shall provide along with its production, an explanation of the basis for its redaction. To the extent any party in interest takes exception with any redaction made by Debtor, such party may bring the matter to the Court for determination and may also request that the Court review, "in camera" any redacted information.

7. The Sub V Trustee may disseminate any documents and information that she determines may affect the administration of Debtor's estate to parties in interest and/or to the Court, other than documents containing proprietary or confidential information or outside of permitted disclosure under Paragraphs 4 and 5 hereof ("<u>Restricted Documents</u>"); which Restricted Documents, if required to be disclosed to the Court, shall be filed under seal.

8. If Debtor inadvertently produces or provides access to any documents protected by the attorney-client privilege, such inadvertent production shall not be deemed a waiver of the privilege and such documents will be returned to Debtor.

9. All of the foregoing requirements to produce documents are governed by Fed. R. Bankr. P. 9014 and rules incorporated therein, including Federal R. Civ. P. 26 and 34, and require Debtor to produce all responsive documents in Debtor's

possession, custody or control. Under Fed. R. Civ. P. 26(b)(2)(B), Debtor reserves the right to assert that automatically generated computer back-up and archival electronic copies of documents, and/or documents that would require services of a forensic examiner or similar professional to be not reasonably accessible because of undue burden or cost, and all parties reserve the right, if asserted, to contest the same. Debtor is not required to produce any documents protected by the attorney-client privilege or work product doctrine.

10. Absent further order of the Court, the Debtor is prohibited from making any transfer of property or funds, other than as authorized pursuant to the *Final Order Authorizing Use of Cash Collateral and Authorizing Adequate Protection* [ECF No. 44], including but not limited to, any distributions to Mr. Darakjian as a member of the Debtor, to TIR Equities, LLC, TIG Capital, LLC or to any other affiliate of the Debtor.

**Signed on December 18, 2023**



/s/ Mark A. Randon
**Mark A. Randon
United States Bankruptcy Judge**