# EXHIBIT 5

## SUPPORT AGREEMENT

# Amendment to Property Management Agreement

Founding Partners, LLC ("Owner") and Residents First, LLC ("Manager") hereby agree to amend the Property Management Agreement dated January 1, 2022 ("PMA") as follows:

## Conditions Precedent

This Amendment to the PMA ("Amendment") is contingent on (i) Manager obtaining confirmation of its proposed Subchapter V Plan of Reorganization ("Plan") filed on March 7, 2024 in its Chapter 11 bankruptcy case (Case No. 23-49817, the "Case"), (ii) assumption of the PMA through the Plan or otherwise, and (iii) approval of this Amendment by the Bankruptcy Court. This Amendment will be effective as of the date both of these conditions precedent have been met.

## Support of Debtor's Operations During the Case

Only to the extent Debtor does not have sufficient funds from operations or otherwise: Owner will advance sufficient funds for Manager to operate and comply with its Plan obligations, as follows:

(i) Continue operations in the ordinary course of business during the Plan Term.

(ii) Pay professional fees and other Allowed Administrative Clams (as that term is defined in the Plan), but only to the extent such fees are incurred by Debtor's counsel or the Subchapter V Trustee and are allowed by the Bankruptcy Court, and such other Administrative Claims are incurred in the ordinary course of Manager's business. Owner is not obligated to pay any Administrative Claims for assumption of contracts, any tort liability of any kind, or any claims not incurred in Debtor's ordinary course of business.

(iii) Make payments as required under the Plan to secured creditors, assumed lease obligations (subject to Manager providing notice to Owner of each lease to be assumed and Owner approving such assumption), allowed Priority Claims (as defined in the Plan).

(iv) Make the minimum distributions on account of general unsecured claims as set forth in Section 3.2 of the Plan.

(v) Pay post-confirmation professional fees to Debtor's counsel or the Subchapter V Trustee, except Owner may object to any such fees and bring any such objection to the Bankruptcy Court for resolution.

Under no circumstances is Owner agreeing to assume Manager's debts. To the extent Manager has sufficient funds to make the above payments from any source, Owner shall have no payment obligations under this Amendment or the PMA. Under no circumstances will Owner be required to pay any amounts to or on behalf of professionals or others for the investigation into, preparation for, commencement, prosecution, negotiation or settlement of any claim or action against Owner or any Related Party Action (as that term is defined in the Plan). For clarity, the Subchapter V Trustee's report as required pursuant to the Court's Order Granting Subchapter V Trustee Expanded Powers (the "Expanded Powers Order") [ECF # 50] is not considered an investigation into or preparation for a Related Party Action for these purposes.

Repayment to Owner

All funds expended by Owner under this Agreement in excess of those funds owed to Manager under the PMA without the effect of this Amendment, shall be debts owed by Manager to Owner. Notwithstanding the foregoing, Owner shall not require repayment by Manager so long as either the Plan Term has not expired and Manager has continuing obligations covered by this Amendment. However, Owner may assert all amounts owed to Owner in excess of amounts owed under the PMA without the effect of this Amendment, as a setoff or recoupment defense against any Related Party Action, whether the excess funds were advanced under this Amendment or before this Amendment takes effect.

Termination of this Amendment

If the Plan is materially amended or modified, Owner shall be entitled to terminate this Amendment by providing notice of termination to Manager within fourteen days after Owner receives notice of the material amendments or modifications of the Plan, except that Owner may not so terminate if Owner has approved such amendments or modifications in writing or in open court.

Owner may terminate this Amendment at any time with immediate effect if (i) the Plan is not confirmed by June 1, 2024, except Owner may consent to extend this date in writing, (ii) the Case is dismissed or converted to a case under Chapter 7 of the Bankruptcy Code, (iii) anyone other than Ara Darakjian becomes the manager of Manager or becomes responsible for Manager's day-to-day operations.

Termination of the PMA

The PMA permits termination by Owner or Manager with or without cause. Owner agrees to not terminate the PMA during the three-year Plan Term except with Cause.

23-49817-mar    Doc 98-5    Filed 04/10/24    Entered 04/10/24 13:47:54    Page 3 of 4

The definition of "Cause" in the PMA is hereby modified to include:

(i) Any change in control of Debtor through which Mr. Darakjian is no longer in control of Debtor's day-to-day operations, and

(ii) Any lawsuit or similar proceeding is brought against Owner or any subsidiary, owner (direct or indirect), Insider or Affiliate of Owner (as each of those terms are defined in the Bankruptcy Code) by the Debtor, the Subchapter V Trustee or any other person appointed by the Bankruptcy Court, is brought on behalf of the Debtor, whether derivatively or otherwise, or results from an assignment of claims from Debtor.

If the PMA is terminated for Cause, this Amendment shall also be automatically and immediately terminated and Owner will have no further obligations to make payments under this Amendment or the PMA.

<u>PMA Remains in Effect</u>

Except as expressly set forth in this Amendment, all provisions of the PMA remain in effect and are not modified.

OWNER, Founding Partners, LLC

By: _____

Armen R. Darakjian

Its: Member


MANAGER, Residents First, LLC

By: _____

Ara J. Darakjian

Its: Managing Member

3